IN THE NORTHERN DISTRICT COURT OF GEORGIA

| | |
|---|---|
| Clifton Bell | : |
| Plaintiff, | : |
| v. | :Civil Action Number: |
| Metropolitan Atlanta Rapid Transit Authority, Chief Wanda Dunham Personally, and Assistant Chief Joseph Dorsey Personally, | : |
| | : |
| Defendant(s). | : |

## **COMPLAINT**

**COMES NOW** the Plaintiff, Clifton Bell, by and through the undersigned counsel stating the following:

### **Jurisdiction and Venue**

1. This is an action arising under the Constitution of the United States of America; this court has original jurisdiction pursuant to 28 U.S.C. §1331.

2. The Plaintiff requests that this court exercise supplemental jurisdiction over all claims in which it does not have original jurisdiction pursuant to 28 U.S.C. §1367.

3. Plaintiff, Clifton Bell (hereinafter "Plaintiff") is a resident of Fulton County, Georgia and over the age of nineteen.

4.  Based upon information and belief, Defendant, Metropolitan Atlanta Rapid Transit Authority (hereinafter "Marta") is located at 2424 Piedmont Road, NE Atlanta, GA 30324-3311with its principal place of business in Fulton County, Georgia.

5.  Based upon information and belief, Defendant Wanda Dunham is over the age of nineteen and a resident of Fulton County, Georgia, (hereinafter "Chief Dunham") is or was an employee of Marta and is jointly and severally liable.

6.  Based upon information and belief, Defendant Joseph Dorsey is over the age of nineteen and a resident of Fulton County, Georgia, (hereinafter "Chief Dorsey") is or was an employee of Marta and is jointly and severally liable.

7.  Based upon information and belief Entities A, B, and C are over the age of 19 and are or were employee's of Marta who are currently unknown to the Plaintiff and are jointly and severally liable.

### Statement of Facts

8.  Plaintiff realleges and incorporates paragraphs 1-8 as if fully stated herein.

9.  Marta is a public bus and rail transportation system located in metropolitan Atlanta, Georgia.  According to its website, Marta's stated mission is "to provide our customers with the highest level of safe, clean, reliable, and affordable transportation."

10. The Plaintiff was hired by Marta, as a police officer, in May of 2005.

11. The Plaintiff was transferred to serve as the Administrator for the Marta Police Department in January of 2006.

12. As Administrator the Plaintiff had the authority to enter into contracts and to make purchase requisitions, on behalf of the MARTA Police Department, meaning he had the authority to create relationships with vendors in order for other officers to make purchases from these vendors on behalf of the Marta Police Department.

13. As Administrator the Plaintiff's responsibilities <u>did not</u> include any supervisory duties over any MARTA Police employee, verifying account numbers on invoices presented for payment by MARTA Police officers, nor verifying whether superior officers had received proper authorization (a signed Purchase Request Form) to make purchases.

14. Around December 28, 2006, the Plaintiff facilitated the installment of a purchase requisition process with Best Buy after being requested to do so by Sgt. Daniel Jefferson (hereinafter "Sgt. Jefferson") and Lt. Heggs.

15. At the time of inception, this purchase requisition process did not contain account number #7004-0191-0002-1832 (hereinafter "Account #1832").

16. Around January 11, 2007 Lt. Heggs, opened Best Buy Account #7004-0191-0002-2350 (hereinafter "Account #2350) on behalf of the Marta Police Department.

17. Without the Plaintiff's knowledge or assistance, Lt. Heggs used the information the Plaintiff supplied to a Best Buy representative on December 28, 2006 to open Account #2350.

18. On January 11, 2007 Lt. Heggs filled out and signed a Best Buy application that opened up account #2350.

19. The Plaintiff did not assist or have any knowledge of Account #2350.

20. On or before January 12, 2007 Best Buy established account #2350 per the Lt. Heggs application.

21. Around February of 2007, Chief Dunham received an invoice with items from Best Buy purchased, by Lt. Heggs, without authorization, in reference to Account #2350.

22. Chief Dunham and or Chief Dorsey are responsible for the training and supervision of Marta peace officers as it pertains to the MARTA police department.

23. On or around February 10, 2007 Chief Dunham instigated an internal affairs investigation, directed by investigator Lieutenant Kyle Jones (hereinafter "Lt. Jones").

24. On or before February 12, 2007, Lt. Jones began an internal investigation about an incident that took place on or before January 12, 2007. (Plaintiff Exhibit J8).

25. On February 12, 2007 at 1425 hours, Lt. Jones conducted a recorded interview with the Plaintiff concerning, "an investigation that is now being conducted to a Best Buy account that was opened up on or before January 12, 2007.  The account number is **2350**" as apart of the Lt. Heggs internal investigation.

26. Before questioning the Plaintiff on February 12, 2007; Lt. Jones was in possession of the Best Buy application that Lt. Heggs filled out without the knowledge or assistance of the Plaintiff.

27. Lt. Jones did not advise nor show the Plaintiff the Lt. Heggs application that he had in his possession during the interview.

28. During the interview the Plaintiff honestly, adamantly denied having any knowledge of or involvement with account #2350, but did recount/admit over 15 times his actions related to account #1832, provided the application and invoices related to account #1832, and was instructed by Lt. Jones to gather all invoices the Plaintiff coded/signed off on for the Marta Police Department.

29. On February 13, 2007, Lt. Heggs made a statement to Lt. Smith, stating: 1. He contacted Best Buy about some items for the K-9 Facility 2. Best Buy advised him that they would invoice Marta for the computer he requested 3.

He picked up the computer and brought it back to Marta headquarters 4. He had also purchased and picked up three earpieces from Best Buy.

30. On or around February 14, 2007 Lt. Heggs abruptly resigned his position from the MARTA Police Department.

31. From February 13, 2007 through February 16, 2007 the Plaintiff reported to work as usual and followed the instructions of Lt. Jones; by gathering copies of all invoices requested by Lt. Jones (including copies of invoices the Plaintiff reported as missing from his filing system).

32. After reviewing the invoices provided by the Plaintiff, Lt. Jones advised Chief Dunham and Chief Dorsey the extent of the unauthorized purchases made by Lt. Heggs.

33. Around February 19, 2007 the Plaintiff was placed on administrative leave, with pay, by Chief Dunham.

34. On March 1, 2007 Lt. Jones falsely reported to Chief Dunham that the Plaintiff knowingly made several false statements to the Internal Affairs investigator and sent written communications to a Best Buy representative without the permission of the Chief or her designee in reference to the February 12, 2007 interview concerning Account #2350.

35. In his investigative report Lt. Jones intentionally failed to state that there were two accounts established with Best Buy; Account #1832 and Account #2350.

36. On March 1, 2007, a termination letter and a disciplinary action form, made effective at the close of business on March 2, 2007, was written by Chief Dunham, witnessed and approved by Ronald K. Diamond (Acting Deputy Director of Diversity and Equal Opportunity) and Theresa Livsey – Lemons (Manager of Employee Relations), returned to Chief Dunham after being approved by the MARTA Legal Department, Department of Equal Opportunity, and Employment Relations, and then placed in the Plaintiff's field file.

37. According to the letter of termination a name clearing hearing was scheduled for March 8, 2007.

38. On Friday March 2, 2007, instead of informing the Plaintiff that his employment with the MARTA Police Department had been terminated, and informing him of his name clearing hearing scheduled on March 8th, 2007; the Plaintiff was summoned as an employee of the Marta Police Department, to meet with Chief Dunham and Dorsey on March 5, 2007.

39. On March 5th, 2007 the Plaintiff was questioned by Chief Dunham and Chief Dorsey, as if the Plaintiff was still an employee of the MARTA Police Department.

40. During the meeting the Dunham and Dorsey represented that the Plaintiff retained the option of resigning in lieu of being terminated.

41. Neither Dunham or Dorsey presented the Plaintiff with a letter of termination.

42. During the March 5, 2007; Chief Dunham and Assistant Chief Dorsey misrepresented to the Plaintiff that; he was currently an employee of the Marta Police Department; the Plaintiff knowingly made several false statements to the Internal Affairs Investigator regarding Best Buy account #2350; the Plaintiff's actions were criminal; Defendant's had received information from Best Buy that the Plaintiff opened an account on behalf of Marta including both Acct #1832 and Acct#2350; the Plaintiff caused the Defendant hundreds of thousands of dollars in loss; and all unauthorized purchases could not have occurred without the Plaintiff.

43. The Plaintiff attempted to resign after the March 5, 2007 meeting not knowing that a letter of termination had been drafted and that he was entitled to a name clearing hearing.

44. The Plaintiff was not compensated for the time his spent at MARTA Police Department on March 5, 2007.

45. Around February of 2007, Assistant Chief Dorsey held a meeting with Detective Albarron and instructed him (Detective Albarron) to launch a criminal investigation into possible criminal activity of Lt. Heggs and the Plaintiff.

46. Around February of 2007, Assistant Chief instructed Detective Albarron to meet with Lt. Jones to "brief" Detective Albarron on the case he was to investigate.

47. Unknown to the Plaintiff, on or around July 30, 2007 Lt. Heggs was found to have made unauthorized purchases from Best Buy in MARTA Police Investigative Report AI 045-2007.

48. Detective Albarron's criminal investigative report makes no reference to any criminal activity of the Plaintiff, or any unauthorized purchases made by the Plaintiff.

49. From June 2007 to present, the Defendants represent(ed) to the U.S. Attorney's Office, the Fulton County District Attorney's Office, GA P.O.S.T, and the Plaintiff that he made unauthorized purchases on his MARTA issued Purchase Card.

50. From April 2007 to present, the Defendants maintain(ed), on file with the MARTA Purchase Card Administrator, copies of signed bank statements approving/authorizing **all** of the Plaintiff's purchase card purchases.

51. From March 2007 until February 2009,the Defendants withheld the Plaintiff's final paycheck until the Plaintiff agreed to pay restitution for alleged unauthorized purchase card purchases.

52. The Plaintiff received his final paycheck around February 11, 2009, less a restitution amount of roughly $225.00.

53. Around March of 2009 the Plaintiff realized that a Fraud had been committed against him and was used to procure his resignation.

54. Around April of 2011 the Plaintiff realized that a Fraud had been committed against him and was used to unlawfully withhold the Plaintiff's final paycheck for roughly two years and then procure roughly $225 in exchange for his final paycheck.

55. Around March of 2009 the Plaintiff requested that Marta remove all conflicting information contained in his field file and provide him with a name clearing hearing as stated in the letter of termination included in his field file.

56. Around May of 2009 Marta denied this request.

57. Around January 6, 2011 the Plaintiff was made aware that false statements are being published through the publication the Lt. Heggs Internal Investigation Report.

58. Per the publication of the Lt. Heggs Internal Investigation the Plaintiff Civil Rights are being violated as report AI 045-2007 contains false and stigmatizing information concerning the Plaintiff without notification and without a name clearing hearing.

COUNT I.
VIOLATION OF 29 U.S.C. 201, ET SEQ.

59. Plaintiff realleges and incorporates paragraphs 1-58 as if fully stated herein

60. The Plaintiff was hired as a Police Officer by the MARTA Police Department in May of 2005 through March 2007.

61. The Plaintiff was compensated at an hourly rate for hours work while employed by the MARTA Police Department.

62. The Plaintiff was placed on Administrative Leave with pay on February 19, 2007.

63. The Plaintiff was compensated during normal business hours (9:00am through 5:00pm) from February 19, 2007 through March 2, 2007.

64. On Friday March 2, 2007 the Plaintiff was advised by Internal Affairs Investigator Kyle Jones that he was to report to MARTA Police Headquarters on Monday March 5, 2007 to meet with Dunham and Dorsey.

65. The Plaintiff reported to MARTA Police Headquarters, as previously instructed, on Monday March 5, 2007 around 12:00 p.m. as if he was still an employee of the MARTA Police Department.

66. The Plaintiff met with Dunham and Dorsey on March 5, 2007 from 12:00 p.m. until 12:45 p.m. and was questioned by Dunham and Dorsey as if he was still employee of the MARTA Police Department.

67. The Plaintiff was given the option to resign and attempted to resign from the employee of the MARTA Police Department on March 5th, 2007 around 12:45 p.m.

68. The Plaintiff received his last pay check from the MARTA Police Department around February 11, 2009.

69. The Plaintiff was not compensated for hours worked (9:00 a.m. - 12:45 p.m.) on Monday March 5, 2007.

70. Defendant Dunham admitted that the Plaintiff was deliberately not compensated for any hours worked on March 5th, 2007 because "he did not work a full day."

**WHEREFORE**, the Plaintiff seeks damages in the amount of $91.63 for hours worked during March 5, 2007; liquidated damages in the amount of $91.63; a reasonable attorney's fee; the cost of this action; and any other relief this court deems necessary.

## Count II

## Fraud

71. Plaintiff realleges and incorporates paragraphs 1-70 as if fully stated herein.

72. The Plaintiff brings this count pursuant to O.C.G.A § 23-2-51.

73. The Defendants misrepresented to the Plaintiff that he was on administrative leave until March 5, 2007.

74. The Plaintiff was compensated for administrative leave up until March 2, 2007.

75. The Plaintiff was terminated on March 2, 2007.

76. The Defendants misrepresented that the Plaintiff was on administrative leave.

77. As a result of the Defendant's misrepresentations, the Plaintiff resigned in lieu of termination thus forfeiting his right to a name clearing hearing.

**WHEREFORE**, the Plaintiff seeks monetary damages and any other just and equitable relief this Honorable court deems necessary.

## COUNT III

## FRAUD

78. Plaintiff realleges and incorporates paragraphs 1-77as if fully stated herein.

79. The Plaintiff brings this count pursuant to O.C.G.A § 23-2-51.

**80.** The Defendants misrepresented to the Plaintiff that he made unauthorized purchases using his MARTA issued purchase card.

**81.** The Defendants held the Plaintiff final paycheck in ransom until the Plaintiff agreed to pay restitution for alleged unauthorized purchases on the Plaintiff's MARTA issued purchase card.

**82.** As a result of the Defendant's misrepresentations and actions the Plaintiff was forced to relinquish roughly $225 in exchange for his final paycheck.

**WHEREFORE**, the Plaintiff seeks monetary damages and any other just and equitable relief this Honorable court deems necessary.

COUNT IV

LIBEL

83. Plaintiff realleges and incorporates paragraphs 1-82 as if fully stated herein.

84. The Plaintiff brings this count pursuant to O.C.G.A § 51-5-1 against Chief Dunham and Dorsey in their personal capacities.

85. Chief Dunham and Chief Dorsey have published that the Plaintiff's employment with Marta was terminated for violating Marta rules and regulations.

86. The Plaintiff resigned from his position with the Marta police department.

87. The statement that the Plaintiff was terminated is false.

88. The statement that the Plaintiff was terminated was published with malice.

89. The statement that the Plaintiff was terminated has injured the Plaintiff's reputation, exposing him to public contempt.

   **WHEREFORE**, the Plaintiff seeks monetary damages and any other just and equitable relief this Honorable court deems necessary.

<u>COUNT V</u>

<u>LIBEL</u>

90. Plaintiff realleges and incorporates paragraphs 1-89 as if fully stated herein.

91. The Plaintiff brings this count pursuant to O.C.G.A § 51-5-1 against Chief Dunham and Dorsey in their personal capacity.

92. The Plaintiff was a designee of the Chief of Marta Police and had Level I authorization to open up accounts and various other functions as a designee of the Chief of Marta Police.

93. The Plaintiff was completely truthful about his actions as it related to his actions opening up Best Buy account #1832.

94. The investigator never questioned the Plaintiff about his actions related to Best Buy account #1832 (the only Best Buy account the Plaintiff opened up).

95. The statement that the Plaintiff was less that truthful is false.

96. The statement that the Plaintiff was less that truthful was published with malice.

97. The statement that the Plaintiff was less than truthful has injured the Plaintiff's reputation, exposing him to public contempt.

98. The statement that the Plaintiff opened up a Best Buy account and did not have permission from the Chief or her designee is false.

99. The statement that the Plaintiff opened up a Best Buy account and did not have permission from the Chief or her designee was published with malice.

100.   The statement that the Plaintiff opened up a Best Buy account and did not have permission from the Chief or her designee has injured the Plaintiff's reputation, exposing him to public contempt.

**WHEREFORE**, the Plaintiff seeks monetary damages and any other just and equitable relief this Honorable court deems necessary.

COUNT VI

NEGLIGENT HIRING, RETENTION OR SUPERVISION

101.   Plaintiff realleges and incorporates paragraphs 1-100 as if fully stated herein.

102.   Marta's board of director's has negligently hired, retained, and inadequately supervised Chief Dunham; Chief Dorsey; Chief Dorsey, Lt Jones, Detective Albarron, Sgt Jefferson, Lt. Smith, and Lt. Heggs.

103.   As a result of the boards negligence Chief Dunham has violated the Plaintiff's civil rights, defrauded the Plaintiff, has prevented the Plaintiff

from obtaining employment opportunities and has caused the Plaintiff to suffer public contempt.

104.     Chief Dunham has been previously accused of inadequate supervision.

105.     Marta board of directors knew or should have known of Chief Dunham's propensity to engage in this conduct which has caused the Plaintiff's injury.

106.     Chief Dunham has negligently hired, retained, and inadequately supervised:   Assistant Chief Dorsey, Lt Jones, Detective Albarron, Sgt Jefferson, Lt. Smith, and Lt. Heggs.

107.     As a result of Chief Dunham's negligence Assistant Chief Dorsey has violated the Plaintiff's civil rights, defrauded the Plaintiff, has prevented the Plaintiff from obtaining employment opportunities and has caused the Plaintiff to suffer public contempt.

108.     Chief Dorsey failed to adequately supervise officers under his supervision by inadequately training officers under his supervision; by failing to follow proper protocol when officers made purchases on behalf of the Marta Police Department.

109.    Chief Dunham knew or should have known of Assistant Chief Dorsey's propensity to engage in this conduct which has caused the Plaintiff's injury.

110.    Chief Dunham has negligently hired, retained, and inadequately supervised Lt. Jones.

111.    As a result of Chief Dunham's negligence Lt. Jones has prevented the Plaintiff from obtaining employment opportunities and has caused the Plaintiff to suffer public contempt.

112.    Lt. Jones performed a false, misleading and incomplete investigation into acct#2350.

113.    Chief Dunham knew or should have known of Lt. Jones's propensity to engage in this conduct which has caused the Plaintiff's injury.

114.    Chief Dunham has negligently hired, retained, and inadequately supervised Detective Albarron.

115.    As a result of Chief Dunham's negligence Detective Albarron has prevented the Plaintiff from obtaining employment opportunities and has caused the Plaintiff to suffer public contempt.

116.    In a CD attached to the Lt. Heggs internal investigation; Detective Albarron falsely reported that the Plaintiff made unauthorized purchases using his Marta issued purchase card.

117.     Chief Dunham knew or should have known of Detective Albarron propensity to engage in this conduct which has caused the Plaintiff's injury.

118.     Chief Dunham has negligently hired, retained, and inadequately supervised Sgt. Jefferson.

119.     Sgt. Jefferson without obtaining the proper authorization ordered invertors on behalf of the Marta police department using Acct #1832.

120.     Sgt. Jefferson ordered the items as a result of not receiving improper training on Marta purchase procedure.

121.     As a result of Sgt. Jefferson not receiving proper training the Plaintiff was falsely accused of opening Acct#2350.

122.     As a result of Chief Dunham's negligence Sgt. Jefferson's actions have prevented the Plaintiff from obtaining employment opportunities and have caused the Plaintiff to suffer public contempt.

123.     Chief Dunham knew or should have known of Sgt. Jefferson's propensity to engage in this conduct (resulting solely from a lack of training) which has caused the Plaintiff's injury.

124.     Chief Dunham has negligently hired, retained, and inadequately supervised Lt. Smith.

125.     Lt. Smith failed to supervise Sgt. Jefferson and Lt. Heggs by not training them on the proper protocol for purchasing items on behalf of Marta.

126.     As a result of Chief Dunham's negligence Lt. Smith has prevented the Plaintiff from obtaining employment opportunities and has caused the Plaintiff to suffer public contempt.

127.     Chief Dunham knew or should have known of Lt. Smith propensity to engage in this conduct which has caused the Plaintiff's injury.

128.     Chief Dunham has negligently hired, retained, and inadequately supervised Lt. Heggs.

129.     Because Lt. Heggs was not properly supervised; Lt. Heggs opened Best Buy acct#2350 without authorization and made unauthorized purchases using the account.

130.     The Plaintiff has suffered injury as a result of the failure of Chief Dunham to properly supervise Lt. Heggs.

131.     Chief Dunham knew or should have known of Lt. Heggs propensity to engage in this conduct which has caused the Plaintiff's injury.

132.     Lt. Heggs was appointed by Chief Dunham as commanding officer of the Marta Police K-9 Unit.

133.     As a result of Chief Dunham's negligence Lt. Heggs has prevented the

Plaintiff from obtaining employment opportunities and has caused the

Plaintiff to suffer public contempt.

**WHEREFORE**, the Plaintiff seeks monetary damages and any other just and

equitable relief this Honorable court deems necessary.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

/s/ Buddy Huntley
Willie "Buddy" Huntley III
Holston and Huntley LLC
40 Peachtree Valley RD NE
Suite 2233
Atlanta GA 30309
1.888.513.0004
1.888.379.7774 Fax
Buddy.Huntley@HolstonandHuntley.net
Attorney for Plaintiff
Bar Number # 072909

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within with the Clerk of

Court using the CM/ECF system which will automatically send email notification

of such filing to the following attorneys of record:

Norah M. White

John R. Lowry

LaShanda Renae Dawkins


/s/ Buddy Huntley
Willie "Buddy" Huntley