IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLIFTON BELL,

    Plaintiff,

v.

METROPOLITAN ATLANTA
RAPID TRANSIT AUTHORITY,
CHIEF WANDA DUNHAM, and
ASSISTANT CHIEF JOSEPH
DORSEY,

    Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-264-WBH

## ORDER

This matter is before the court on Defendants' motion for judgment on the pleadings [30] and Plaintiff's motion to amend his complaint [35].

The matters pending here are the latest installment in the on-going saga of Clifton Bell, a former MARTA employee who voluntarily resigned in lieu of termination following an internal affairs investigation. Bell has spent almost four years attempting to unwind that decision through multiple litigations.

To understand this story, the court must go back to the beginning in the associated case of *Clifton Bell v. Metropolitan Atlanta Rapid Transit Authority, Chief Wanda Dunham, and Assistant Chief Joseph Dorsey*, Civil Action No. 1:11-CV-1117-JEC, the "Original Litigation." In the Original Litigation, Bell brought a § 1983 action raising due process and constructive discharge claims against Defendants. Although Bell decided to resign on

March 5, 2007, he contended in the Original Litigation that he had actually been terminated, unbeknownst to him, on March 2, 2007, without being given the required name-clearing hearing. Bell had been on administrative leave with pay since February 19, 2007, while an internal affairs team investigated Bell's purchases on a Best Buy account. At the conclusion of the investigation, Bell was charged with four rules violations concerning false or incomplete testimony and unauthorized written communications. He was called to a meeting with his supervisors on March 5, 2007, and offered the choice of termination or resignation. He chose to resign.

In the Original Litigation, the court ruled on Defendants' motion to dismiss and Plaintiff's two attempts to amend his complaint, finding that only some of Plaintiff's federal claims remained. *See* Original Litigation, Docket Entry [35]. The court stayed Plaintiff's state law claim of fraud pending the outcome of the parties' motions for summary judgment, and noted that Plaintiff had attempted to raise claims of libel and negligent retention and hiring in his second amended complaint. *See id.* at 22 & n.10. Although the court expressed concern with the manner in which Plaintiff had attempted multiple amendments, the court found the more efficient manner in which to proceed would be to grant Plaintiff's second motion to amend his complaint. *Id.* The court then stated that defendants would not be required to file any motions on the state law claims, and that if "any of plaintiff's federal law claims survive, the Court will then confer with the parties regarding the course of proceedings for the state law claims." *Id.* at 23.

2

AO 72A
(Rev.8/82)

After discovery, Defendants filed a motion for summary judgment in which they relied on Chief Dunham's testimony that she had drafted a termination letter for Bell in anticipation of the March 5, 2007, meeting. She showed Bell the letter at the meeting and gave him the choice between resignation and termination. The district court granted Defendants' motion for summary judgment finding both that Bell's claims were without merit and were untimely. *See* Original Litigation, Order on Summary Judgment, Docket Entry [97]. Because the court granted Defendants' motion for summary judgment on Plaintiff's federal claims, the court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice. *Id.*, at 30.

The court notes that after the parties had briefed the motions for summary judgment in the Original Litigation, Plaintiff attempted to amend his complaint for a third time to raise the same Fair Labor Standards Act claim he asserts in the instant litigation – that he was not paid for four and three-quarter hours on the day he met with Chief Dunham and Assistant Chief Dorsey. The court denied Plaintiff's motion to amend his complaint to add the FLSA claim, noting:

> [i]ndeed, this latest motion reflects the dilatory, tentative manner in which the plaintiff has conducted this litigation. The case was filed in April 2010, and the plaintiff filed a first motion to amend [o]n June 24, 2010 and a second motion to amend [o]n February 14, 2011. The Court granted this latter motion on March 30, 2011, and the plaintiff filed an amended complaint. Discovery was scheduled to expire on August 30, 2011 and the defendants filed a motion for summary judgment on September 20, 2011. Now, more than two months after the expiration of discovery and almost two months after the filing of defendants' summary judgment motion, plaintiff has filed yet another motion to amend his complaint.

3

> As defendants correctly note, there is no good reason why plaintiff would have been unaware of this new claim at the time he filed this suit. Certainly, he would have been well aware of the possibility of such a claim prior to the end of the discovery. Nevertheless, he was waited until after the defendants have filed their motion for summary judgment to now add a new claim into the mix. Moreover, as defendants also correctly note, the claim is insufficiently specific to even permit the Court to gauge its likely merit.
>
> Accordingly, the Court concludes that plaintiff has been dilatory in pursuing this latest claim and that permitting another amendment of the complaint would unfairly prejudice the defendants and unnecessarily delay the litigation.

*See* Original Litigation, Docket Entry [94], at 1-2.

The United States Court of Appeals for the Eleventh Circuit affirmed the court's order granting Defendants' motion for summary judgment. *See Bell v. MARTA*, 521 F. App'x 862 (11th Cir. 2013) (per curiam). The Court of Appeals held that Plaintiff filed his complaint outside the two year statute of limitations period.

Thereafter, Plaintiff filed another motion in the district court under Federal Rule of Civil Procedure 60(b)(3) or (4). Plaintiff contended that Defendants had perpetrated fraud on the court because when he filed an Open Records Act case with the Georgia Peace Officer Standards and Training Council ("P.O.S.T."), he obtained an August 2007 memo written by Sergeant S. Reynolds, Internal Affairs Commander of the MARTA Police Department, which stated that Plaintiff was terminated on March 2, 2007 for rules violations related to "false testimony" and "written communication." Plaintiff sought sanctions for Defendants' failure to produce this memo in discovery and also asked the court to find the memo raises a question of fact as to whether Plaintiff resigned or was terminated.

4

In an order denying Plaintiff's motion, the court found that while the memo was inconsistent with the resignation letter Plaintiff indisputably submitted on March 5, 2007, it was consistent with Chief Dunham's testimony that she was prepared to terminate Plaintiff on March 5, 2007, if he did not decide to resign. Defendants also offered that the memo was not placed or maintained in Plaintiff's personnel files (and therefore not produced in discovery) because it did not accurately reflect that Plaintiff had resigned. *See* Original Litigation, Docket Entry [120], at 5-6. The court found that the memo did not affect the court's substantive rulings and had no impact on the statute of limitations question. *Id.* at 6-7.

In an opinion issued on August 14, 2014, the Court of Appeals for the Eleventh Circuit affirmed the court's order denying Plaintiff's motion. *See* Original Litigation, Docket Entry [127]. The Court of Appeals found that Plaintiff "did not produce clear and convincing evidence of fraud or misconduct by the defendants sufficient to support relief under Rule 60(b)(3)." *See* Slip Op., at 6-7. The court found that Plaintiff "enjoyed a full and fair opportunity to litigate the issue of whether he was terminated or resigned, and the discovery of the Memo did not change the basic facts underlying the complaint, including his admission that he resigned from his position in lieu of being terminated." *Id.* at 7.

Plaintiff filed the instant complaint on January 26, 2012, shortly after the court denied Plaintiff's third motion to amend his complaint to add an FLSA claim in the Original Litigation. *See* Civil Action No. 1:12-CV-264 ("the Second Litigation"). The complaint in

AO 72A
(Rev.8/82)

the Second Litigation recounts the same factual allegations of the internal affairs investigation as Plaintiff alleged in the Original Litigation. The complaint raises claims under FLSA, two counts of fraud, two counts of libel, and a negligent hiring, retention or supervision claim.[1] Defendants filed the instant motion for judgment on the pleadings asking the court to dismiss Plaintiff's complaint. After that motion had been briefed, Plaintiff filed his first motion to amend complaint in the Second Litigation. *See* Docket Entry [35].[2]

In their motion for judgment on the pleadings, Defendants argue that Plaintiff is barred from raising this FLSA claim in a new litigation because (1) the court denied Plaintiff's motion to add an FLSA claim in the Original Litigation; (2) Plaintiff's claim substantively fails as he was not performing work under the statute on the day in question; and (3) Plaintiff's claim is untimely. Defendants also ask the court to impose sanctions against Plaintiff for being stubbornly litigious. Plaintiff responds that Defendants procured the judgment in the Original Litigation through fraud by withholding evidence, and thus,

---

[1] The court stayed the Second Litigation while awaiting the outcome of Plaintiff's appeal to the Eleventh Circuit in the Original Litigation. *See* Second Litigation, Docket Entry [23].

[2] Of course, this would be Plaintiff's fifth attempt to articulate a complaint arising out of his resignation from MARTA. As the court explained above, he filed three motions to amend his complaint in the Original Litigation, and the court denied the third motion. He filed a new complaint in the Second Litigation, and now, a motion to amend that new complaint.

6

that original judgment is "void." Plaintiff then repeats the allegations in his complaint filed in the Second Litigation.

As an initial matter, the court notes that the question of Defendants' alleged "fraud" has been fully litigated and rejected in the Original Litigation. Thus, to the extent Plaintiff bases any of his opposition to Defendants' motion here on such alleged fraud, it is without merit.

Title 29 U.S.C. § 207(a)(1) provides that employees should receive compensation for hours worked in excess of 40 hours in one workweek at one and one-half times their regular rate. An employee bringing suit for overtime wages under the Fair Labor Standards Act has the burden of proving that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946). The employer is liable for compensating an employee for all hours that the employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. § 203(g).

"The statute of limitations for claims seeking unpaid overtime wages generally is two years, but if the claim is one 'arising out of a willful violation,' another year is added to it." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008) (citing 29 U.S.C. § 255(a)). To establish that a violation of the Act was "willful," Plaintiff must prove by a preponderance of the evidence that Defendants either knew that their conduct was prohibited by the statute or showed reckless disregard about whether it was. *Id.* at 1164. "Reckless disregard" is defined by the Code of Federal Regulations as the "failure

to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104.

Standing alone, Plaintiff's allegation that he was called to a meeting on March 5, 2007, and was not paid for the time he was present at that meeting, is not sufficient to state a claim under the Fair Labor Standards Act. Plaintiff has not alleged that any time that he spent on administrative leave could be considered "on-call" time that was "predominantly" for Defendants' benefit. *See, e.g., Birdwell v. City of Gadsden*, 970 F.2d 802, 807 (11th Cir. 1992). It appears that Plaintiff theorizes that since Defendants paid him while he was on administrative leave through March 2, 2007, they had to pay him for the morning of March 5, 2007. The court disagrees. There is no allegation that Defendants had a legal obligation under the FLSA to pay Plaintiff while he was on administrative leave. Plaintiff was not expected to be at any particular location while on administrative leave. He was only required to give Defendants a number where he could be contacted.

Moreover, Plaintiff alleges in his complaint only that he was directed to come to work on March 5, 2007. Plaintiff does not allege that he was required to appear at 8:00 a.m. He does not allege that he performed any work between 8:00 a.m. and 12:00 p.m. when he met with Defendants Dunham and Dorsey. Significantly, he does not even claim that he arrived at work at 8:00 a.m. He alleges that he arrived at noon for the meeting. *See* Second Litigation Compl., ¶ 65.

Moreover, Plaintiff's argument that Defendants' failure to pay him was "willful" is without any factual support in the complaint of the Second Litigation. Rather, Plaintiff simply alleges he was "not compensated." *See id.*, ¶¶ 44, 69, and 70 ("deliberately not compensated"). Without alleging "willfulness" or making any allegation of fact which would make a "willfulness" claim plausible, the court finds the statute of limitations in this case is two years. At the latest, Plaintiff learned on February 11, 2009, the day he received his last paycheck, that Defendants had not paid him for any hours on March 5, 2007. Thus, Plaintiff would have had to file his complaint by February 11, 2011. The instant complaint was not filed until January 26, 2012, well beyond the end of the limitations period. For that reason alone, the court GRANTS Defendants' motion for judgment on the pleadings on Plaintiff's FLSA claim [30] and declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Alternatively, it is clear to the court that Plaintiff's Second Litigation is barred by res judicata. "In the Eleventh Circuit, a party seeking to invoke the doctrine of [res judicata] must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *See, e.g., Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013). "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies."

9

*Id.* There is no dispute that the court adjudicated to a final judgment Plaintiff's claims regarding his March 5, 2007, resignation in the Original Litigation, which involves the exact same parties as the instant Second Litigation. While Plaintiff raises slightly different causes of action in the Second Litigation, in "determining whether the causes of action are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* Clearly, all of the causes of action Plaintiff has raised in both cases arise out of the circumstances of the internal affairs investigation and the meeting on March 5, 2007. Plaintiff could have brought those causes of action in the Original Litigation and he did not. Therefore, in the alternative, the court GRANTS Defendants' motion for judgment on the pleadings on the basis of res judicata.

Plaintiff's motion to amend his complaint is equally without merit. Plaintiff coyly states in his motion that "Plaintiff became aware of additional claims against the Defendant around May 2013." *See* Second Litigation, Docket Entry [35], at 1. Plaintiff also states he "will be prejudiced if not allowed to amend his complaint." *Id.* He avers that his amendments "include: §1983-Equal Protection (Class of One) violations, Open Records Act violation, Gross Negligence violation, and fraud resulting from the aforementioned violations." *Id.* at 1-2. Shockingly, Plaintiff does not even hint as to what facts might

10

support these causes of action; nor does he attach a proposed amended complaint to his motion.

The lack of any kind of substantive factual detail leaves the court unable to analyze Plaintiff's motion under the standards set forth in Federal Rule of Civil Procedure 15 and accompanying case law. Based on his past history in this Court, it is clear that Plaintiff is well aware of the requirements of amending his complaint. Moreover, although Plaintiff sidesteps the issue, it is clear he is attempting to amend his complaint– yet again – to raise claims with respect to the August 2007 P.O.S.T. memo. Plaintiff's allegations concerning that memo have been litigated before this court and the Eleventh Circuit.

For these reasons, the court finds that any amendment to Plaintiff's complaint would be futile and the court DENIES Plaintiff's motion to amend complaint [35].

A review of the Original Litigation shows a consistent pattern on the part of Plaintiff to file (1) motions to amend without any coherent litigation plan and even after the briefing of Defendants' motion for summary judgment, (2) motions to reconsider after every order filed by the court without substantive basis which simply reargue the original motion, and (3) motions to supplement meritless motions. It is long past time to conclude this litigation. The district court has spoken numerous times, the Eleventh Circuit had spoken twice. Plaintiff has had countless opportunities over the past four years to raise any claims related to his resignation.

Defendants ask the court to sanction Plaintiff for his vexatious expansion of this litigation into yet another federal complaint. Sanctions in this instance would certainly be warranted, but the greater temptation is to simply end this matter. The court warns Plaintiff, however, that if he continues to pursue this matter, he will be subject to significant sanction such as having to pay Defendants' attorneys' fees for this case and/or his earlier case.

Based on the foregoing, the court **GRANTS** Defendants' motion for judgment on the pleadings [30] and **DENIES** Plaintiff's motion to amend complaint [35].

The Clerk of the Court is **DIRECTED** to enter judgment in favor of Defendants as to all claims and to dismiss this action with prejudice.

**IT IS SO ORDERED** this  1st  day of ~~September~~ October, 2014.

_____
WILLIS B. HUNT, JR.
SENIOR UNITED STATES DISTRICT JUDGE